# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

LANITA K.,

          Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

          Defendant.

CASE NO. C18-1590-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds *pro se* in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record[2], this matter is AFFIRMED.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Plaintiff did not file an opening brief, and the Court issued an order to show cause why the case should not be dismissed for failure to comply with the scheduling order. Dkt. 14. Plaintiff failed to respond to the show cause order, and the Court construed her complaint as her opening brief. Dkt. 15. Plaintiff did not object to this, or file a reply to the Commissioner's brief. Although the Commissioner requests that Plaintiff's case be dismissed for failure to comply with the Court's orders (Dkt. 16 at 5), the Court

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1968.[3] She has one year of college education, and has worked as an office manager. (AR 529, 535.)

Plaintiff applied for SSI and DIB in January 2015. (AR 497-506.) Those applications were denied and Plaintiff timely requested a hearing. (AR 404-427, 431-44.)

On February 27, 2017, ALJ Larry Kennedy held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 260-307.) On September 21, 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 22-37.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on August 30, 2018 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since September 23, 2011, the alleged onset date. (AR 25.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's post-herpetic neuralgia, degenerative disk disease of the lumbar spine, and

---

nonetheless considers the merits of Plaintiff's challenge to the ALJ's decision and, for the reasons explained herein, finds no reason to disturb the ALJ's findings.

[3] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

major depressive disorder. (AR 25-26.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 26-28.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work with additional limitations: she can occasionally balance, stoop, kneel, and crouch. She can never climb or crawl. She must avoid concentrated exposure to extreme cold, vibration, pulmonary irritants, and hazards. She can perform simple, routine tasks and follow short, simple instructions. She can do work that needs little or no judgment and can perform simple duties that can be learned on the job in a short period. She must work with minimal supervisor contact (defined as contact that "does not preclude all contact, rather, it means contact does not occur regularly. Minimal contact also does not preclude simple and superficial exchanges and it does not preclude being in proximity to the supervisor"). She can work in proximity to co-workers, but not in a cooperative or team effort. She can have no more than superficial interaction with co-workers. She cannot interact with the general public as in as sales position or where the general public is frequently encountered as an essential element of the work process, but incidental superficial contact with the general public is not precluded. (AR 28.) With that assessment, the ALJ found Plaintiff unable to perform her past relevant work. (AR 35.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of performing other representative occupations, such

as agricultural sorter, office helper, electrical accessories assembler, semiconductor wafer breaker, semiconductor die loader, and table worker. (AR 36-37.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff's complaint suggests that the ALJ erred in assessing her testimony, failing to develop the record, failing to follow procedures for questioning the VE or assessing a treating doctor's opinion, and failing to discuss her medication side effects. Plaintiff also alleges that the ALJ's decision omits important testimony and that exhibits were removed after the hearing. Dkt. 4 at 3. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's testimony for a number of reasons, citing (1) treatment records documenting a lack of objective evidence of pain, and/or that her pain medication stabilized her pain; (2) evidence that she could sit longer than she alleged; (3) evidence demonstrating her disability conviction, such as her "efforts to coerce at least two different providers into changing their DSHS [form opinions]"; (4) a lack of mental health treatment until September 2014, upon the recommendation of DSHS, despite alleging disability as of September

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

2011; (5) evidence showing that her symptoms flared due to situational stressors, such as moving and conflict with a medical provider; (6) evidence showing that her mental health improved with treatment; and (7) her inaccurate representations regarding the end of her treatment at Compass Health in 2016. (AR 29-32.)

In the Ninth Circuit, an ALJ's reasons to discount a claimant's allegations must be clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). In this case, the ALJ provided many legally sufficient reasons to discount Plaintiff's symptoms. Although Plaintiff describes the ALJ's findings as based on "speculative conjecture, not supported by [the] record as a whole" (Dkt. 4 at 3), the ALJ's reasons are specific and cite to substantial evidence in the record. (AR 29-32.)

One of the most convincing reasons the ALJ provided for discounting Plaintiff's allegation of disability is the evidence of her disability conviction, specifically her efforts to coerce her primary care physician into changing opinions in order to support her claim for disability. (*See* AR 1229, 1231, 1233-34.) The ALJ also provided detailed findings regarding the objective evidence related to Plaintiff's physical and mental health, showing that the record demonstrated significant improvement with treatment. (AR 30-31.) The ALJ's reasons are amply supported, and easily satisfy the substantial evidence standard. Accordingly, the ALJ's findings in this regard shall not be disturbed.

### Duty to develop the record

Plaintiff suggests that the ALJ erred in failing "to develop records for [a] factual narrative[.]" Dkt. 4 at 3. Plaintiff also accuses the ALJ of omitting important testimony, and removing exhibits from the file after the hearing. *Id.* Without more specific allegations, Plaintiff has failed to establish error on these grounds. The ALJ allowed Plaintiff to review the file after

the hearing and submit any missing records, which Plaintiff did, and she also submitted additional records to the Appeals Council. (AR 22-23, 47-228, 298-307, 1306-1408.) There is no evidence to suggest that the ALJ failed to develop the record or omitted any evidence from the record, and therefore Plaintiff has failed to meet her burden to show error in this regard.

### Medical evidence

Plaintiff contends that the ALJ failed to follow the proper procedures for assessing a treating doctor's opinion, but does not identify which doctor or which opinion. Dkt. 4 at 3. The ALJ thoroughly discussed the medical opinions in this case. (AR 32-35.) Plaintiff has not identified an opinion that the ALJ failed to assess, or shown that the ALJ's reasons for assigning weight to certain opinions were insufficient. Accordingly, Plaintiff has failed to establish error in this regard.

### VE questioning

Plaintiff argues that the ALJ failed to follow the proper procedures for questioning the VE. At the hearing, the ALJ questioned the VE and allowed Plaintiff an opportunity to question the VE as well. (AR 290-97.) The Court's review of that questioning does not reveal any improprieties, and therefore the Court finds that Plaintiff has failed to establish error regarding the VE testimony.

### Medication side effects

Plaintiff contends that the ALJ failed to discuss her serious medication side effects. Dkt. 4 at 3. The ALJ did, however, discuss Plaintiff's testimony related to medication side effects, specifically insomnia, in his section on Plaintiff's subjective allegations. (AR 29.) Plaintiff has not identified a particular medication side effect that the ALJ failed to address, or pointed to evidence showing that her medication side effects caused workplace limitations not considered by the ALJ. Accordingly, Plaintiff has failed to show harmful legal error with respect to medication

side effects. *See Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985) (claimant has the burden of producing evidence that his use of prescription narcotics impaired his ability to work, but failed to do so).

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 26th day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge